Curia, per

Butler, J.
We are of opinion that the Commissioner proceeded correctly. According to the construction given, in M’Clure vs. Vernon, (2 Hill, 433,) to the 4th and 7th clauses of the Act of 1788, there existed a distinction between the powers of the Commissioner of Special Bail in mesne and in final process. In cases of arrest under mesne process, he could, under the 4th clause, try the question of fraud in the schedule, so far as to judge whether the prisoner’s oath should be believed or not, and whether, therefore, he should be discharged : while, under the 7th clause, relating to prisoners in execution, his power to discharge was only in the absence of any accusation of fraud, &c.; and it would seem that the accusation alone was enough to require the intervention of a jury.
But this distinction could no longer obtain after the Act of 1833, which does not recognize it, and, in all probability, was intended to obviate the difficulties arising out of it, and to do it away. The preamble sets out that, as there was no mode prescribed for empannelling a jury under the Act of 1788, some provision ought to be made for that purpose. It is then declared, “that whenever a prisoner, confined on mesne or final process, applying for the benefit of the Act aforesaid, shall be accused by the plaintiff, or his agent, of fraud, or of his having given an undue preference to one creditor to the prejudice of the plaintiff, .or of having made a false return, or *29 having gone without the prison walls or prison rules, as the case may be, it shall be lawful for the Judge, or Justice, or Commissioner of Special Bail, who shall hear the prisoner’s application,” to organize a jury according to the directions of the Act, to try the question. The plain meaning of this clause is, that no prisoner shall be discharged by a Commissioner of Special Bail, after he shall have been accused of fraud; but that it is the imperative duty of that officer, after such accusation, to call to his assistance a jury. If the jury should sustain the plaintiff’s accusation, the prisoner must be remanded; otherwise he must be discharged.
Smart for the motion; Withers, contra.
Proceedings of the Commissioner confirmed;
the whole Court concurring.